Eddie R. Jimenez (SBN 10376)
ejimenez@piteduncan.com
Ace Van Patten (SBN 11731)
avanpatten@piteduncan.com
**PITE DUNCAN, LLP**
520 S. 4th Street, Suite 360
Las Vegas, NV 89101
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorney for *Appellant/Movant*
Green Tree Servicing, LLC (successor in interest
to GMAC Mortgage, LLC)

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GREEN TREE SERVICING, LLC (SUCCESSOR IN INTEREST TO GMAC MORTGAGE, LLC),<br><br>Appellant,<br><br>vs.<br><br>CHRISTINA LOUISE PEZONELLA,<br><br>Debtor/Appellee. | Case No. 3:13-cv-00394-MMD<br><br>Consolidated with Case No. 3:13-cv-00667-RCJ<br><br>BK Case No. Bk-S-12-51080-BTB<br><br>**STIPULATION DISMISSING APPEAL PURSUANT TO BANKRUPTCY COURT'S ENTRY OF STIPULATED ORDER REGARDING DISTRIBUTION OF SALE PROCEEDS AND VACATING SANCTION ORDERS** |

*Appellant/movant* Green Tree Servicing, LLC ("Green Tree") (successor in interest to GMAC Mortgage, LLC), by and through its counsel of record, Eddie R. Jimenez of Pite Duncan, LLP, and appellee/debtor Christina Louise Pezonella ("Appellee"), by and through her counsels of record, Christopher P. Burke and Michael C. Lehners, hereby submit the instant Stipulation Dismissing Appeal Pursuant to Bankruptcy Court's Entry of Stipulated Order Regarding Distribution of Sale Proceeds and Vacating Sanction Orders ("Stipulation"). In support of their Stipulation, the parties respectfully show the Court as follows and request the Court enter the accompanying order approving their Stipulation.

/././

/././

# I.   RELEVANT BACKGROUND

**A.   THE LOAN**

On or about August 23, 2006, Appellee and her spouse, Mark D. Lardner (collectively, the "Borrowers") obtained a loan (the "Loan") from Homecomings Financial Network, Inc. in the original principal sum of $205,000.00, which was reflected in a promissory note secured by a deed of trust (the "Deed of Trust") encumbering the real property located at 2375 Howard Street, Sparks, Nevada 89434 (the "Property"). The beneficial interest under the Deed of Trust was assigned to GMAC Mortgage, LLC ("GMACM"). Green Tree subsequently acquired GMACM's rights and interest in the Loan.

**B.   THE BANKRUPTCY FILING AND CONFIRMED PLAN**

On May 9, 2012, Debtor commenced this case by filing a voluntary petition for relief under chapter 13 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"). (*See* BK Dkt. No. 1). The Property was among the assets that Debtor identified in her sworn schedules. (*See id.*)

On June 20, 2012, GMACM filed a Proof of Claim (the "Claim") reflecting that the outstanding balance of the Loan was $220,490.77, as of the date Debtor filed her petition. (*See* Claims Register, Claim No. 5-1). Prompted by the fact that Debtor expressed an intention to file a motion to value the Property under section 506 of the Bankruptcy Code, on July 12, 2012, GMACM and Debtor entered into a Stipulation Re: Treatment of GMAC's Claim Under Debtor's Chapter 13 Plan of Reorganization (the "Stipulation") whereby the parties stipulated that: (1) the value of the Property was $90,000.00; (2) GMACM's *secured claim* would be reduced to $90,000.00; and (3) the balance of GMACM's *claim* would be treated as a general unsecured claim under Debtor's chapter 13 plan. (*See* BK Dkt. No. 19). The Stipulation was later amended on July 18, 2012,[1] (*see* BK Dkt. No. 21), and approved by an order of the Court on July 18, 2012, (*see* BK Dkt. No. 22).

On March 27, 2013, Debtor filed a Fourth Amended Plan (the "Fourth Plan") wherein she proposed to contribute her monthly disposable income to the plan over a 60 month term. (*See* BK

---

[1] The only change to the Stipulation was the amendment of paragraph 6 to require GMACM to provide Debtor with notice of any default under the agreement, which was not required under the original Stipulation.

2                                        CASE NO. 3:13-cv-00394-MMD

**STIPULATION DISMISSING APPEAL**

1  Dkt. No. 48). The Court entered an order confirming the Fourth Plan on June 12, 2013 (the

2  "Confirmation Order"). (*See* BK Dkt. No. 56).

3  **C.    THE MOTION TO SELL AND APPEALS**

4  On June 10, 2013, Debtor filed a Motion to Sell Real Property (11 U.S.C. § 363(b)) (the

5  "Motion to Sell") wherein she sought authorization to sell the Property to Brandon and Krystal

6  Whipple pursuant to section 363(b) of the Bankruptcy Code. (*See* BK Dkt. No. 52). Despite Green

7  Tree's opposition, on July 8, 2013, the Court entered an Order Granting Motion to Sell Real

8  Property (the "Sale Order") wherein it authorized Debtor to sell the Property. (*See* BK Dkt. No. 65).

9  Nothing in the Sale Order addressed whether the sale was authorized to be made free and clear of

10 liens. (*See id.*)

11 On July 22, 2013, Green Tree filed a Notice of Appeal and a separate Statement of Election

12 to Have Appeal Heard by United States District Court. (*See* BK Dkt. Nos. 69, 71). *See Green Tree*

13 *Servicing, LLC v. Pezonella (In re Pezonella)*, Case No. 13-cv-00394-MMD (D. Nev.). Through the

14 appeal, Green Tree seeks, among other things, confirmation that it has a lien on any excess proceeds

15 from the sale of the Property.

16 On July 26, 2013, Green Tree filed a Motion for Stay Pending Appeal (the "Motion for

17 Stay") in this case. (*See* BK Dkt. No. 79). The Court entered an order denying the Motion for Stay

18 on September 10, 2013, which provides, among other things, that the "net proceeds from the sale [of

19 the Property] upon the close of escrow shall be held by the Chapter 13 Trustee pending discussion

20 for resolution by the parties or determination by the appellate court." (*See* BK Dkt. No. 101).

21 On October 2, 2013, Debtor filed a Motion to Impose Sanctions for Contempt and Violation

22 of the Automatic Stay (the "First Motion for Sanctions") wherein she requested sanctions based on

23 Green Tree's purported violation of the automatic stay and contemptuous conduct. (*See* BK Dkt. No.

24 109). The First Motion for Sanctions was set for hearing on October 4, 2013. (*See* BK Dkt. No. 141).

25 At the hearing, the Court sanctioned Green Tree and its counsel at total of $9,050.00 ("Sanction

26 Order").[2] (*See* BK Dkt. No. 138).

27 /././

28
_____
[2] $250.00 to Law Library in Las Vegas, Nevada and $8,800.00 to Washoe County Law Library.

1    On October 3, 2013, Debtor filed a Motion to Modify Plan. (*See* BK Dkt. No. 119).

2    On October 8, 2013, Green Tree filed its Notices of Satisfaction of Court Ordered Payment.

3    (*See* BK Dkt. Nos. 126 and 127).

4    Pursuant to the Court's order on the First Motion for Sanctions, the hearing on Debtor's

5    request for sanctions for violation of the automatic stay was continued to December 6, 2013. The

6    order set the following briefing deadline: (1) Debtor had until November 7, 2013, to file a brief in

7    support of her request; (2) Green Tree had until November 21, 2013, to file an opposing brief; and

8    (3) Debtor had until November 28, 2013, to file a reply brief. (*See* BK Dkt. No. 126).

9    On October 11, 2013, the Property was sold to Jesus and Irma Medina. The Excess Proceeds

10   were lodged with the Chapter 13 Trustee.

11   On November 6, 2013, Green Tree and its counsel filed their Notice of Appeal of the Court's

12   Sanction Order. (*See* BK Dkt. No. 145). *See Green Tree Servicing, LLC v. Pezonella (In re*

13   *Pezonella)*, Case No. 13-cv-00667-RCJ (D. Nev.).

14   On June 9, 2014, the United States District Court entered the order consolidating cases 3:13-

15   cv-00394-MMD and 3:13-cv-00667-RCJ. (*See* Dist. Dkt. No. 33).

16   **D.    RESOLUTION OF ISSUES ON APPEAL**

17   On March 5, 2014, the Court entered the Order Scheduling Settlement Conference. (*See* BK

18   Dkt. No. 218).

19   On March 25, 2014, a representative from Green Tree, Green Tree's counsel, Mr. Lehners,

20   Mr. Burke, and Debtor's father appeared at the mandatory settlement conference. After engaging in

21   meaningful discussions and negotiations, the Parties agreed to resolve all issues regarding the sale of

22   the Property, the distribution of the Excess Proceeds, the Sanction Order, and the currently pending

23   appeals.

24   After discussing the terms of the Order Approving Settlement and exchanging revised

25   versions, the Parties uploaded the Order Approving Settlement with the Court on May 22, 2014.

26   On May 27, 2014, the Chapter 13 Trustee filed his Objection to Proposed Order Approving

27   Settlement and Distribution of Sale Proceeds. (*See* BK Dkt. No. 222).

28   /././

1    On June 13, 2014, the parties filed their Agreed Motion to Approve Compromise, Settlement,

2    and Distribution of Sale Proceeds. (*See* BK Dkt. No. 225).

3    Based on unresolved issues at the July 29, 2014 hearing on the parties' Agreed Motion to

4    Approve Compromise, Settlement, and Distribution of Sale Proceeds, the Court refused to enter the

5    order approving the parties' compromise.

6    On September 16, 2014, the parties filed their Joint Status Report with the District Court.

7    (*See* Dist. Dkt. No. 35).

8    On September 17, 2014, the District Court denied all pending motions in both appellate cases

9    without prejudice and with leave to request reinstatement in the event settlement is not reached. (*See*

10   Dist. Dkt. No. 36).

11   On October 31, 2014, the parties filed their Joint Status Report with the District Court. (*See*

12   Dist. Dkt. No. 37).

13   On November 15, 2014, the parties filed their Joint Status Report with the District Court.

14   (*See* Dist. Dkt. No. 39).

15   On February 5, 2015, the Bankruptcy Court entered the attached Stipulated Order Regarding

16   Distribution of Sale Proceeds and Vacating Sanctions Orders. *See*, **Exhibit A** attached hereto.

17   Based upon the foregoing and, in accordance with the terms of the attached Stipulated Order

18   Regarding Distribution of Sale Proceeds and Vacating Sanctions Orders, the parties stipulate as

19   follows:

20   **II.    STIPULATION**

21   In consideration of the foregoing and conditioned on the Court's approval, Green Tree and

22   Debtor/Appellee stipulate and agree as follows:

23   1.    Pursuant to and in accordance with the Stipulated Order Regarding Distribution of

24   Sale Proceeds and Vacating Sanctions Orders, Green Tree and Debtor/Appellee stipulate to the

25   dismissal of Case No. 13-cv-00394-MMD (D. Nev.) (*Green Tree Servicing, LLC v. Pezonella (In re*

26   *Pezonella*).

27   2.    Pursuant to and in accordance with the Stipulated Order Regarding Distribution of

28   Sale Proceeds and Vacating Sanctions Orders, Green Tree and Debtor/Appellee stipulate to the

1    dismissal of Case No. 13-cv-00667-RCJ (D. Nev.) (*Green Tree Servicing, LLC v. Pezonella (In re*

2    *Pezonella*).

3          3.       This Stipulation may be signed in counterparts, each and which shall be deemed an

4    original, and all which taken together shall constitute one of the same document.  Facsimile copies

5    of signatures shall constitute as originals.

6

7                                                            Respectfully submitted,

8                                                            **PITE DUNCAN, LLP**

9

10   Dated: 2/25/15

11                                                           EDDIE R. JIMENEZ
                                                             Attorneys for Movant/Appellant Green Tree
12                                                           Servicing, LLC (successor in interest to
                                                             GMAC Mortgage, LLC)
13

14   Dated: 2/25/2015                                        /S/ Christopher P. Burke

15                                                           CHRISTOPHER R. BURKE
                                                             Attorney for Debtor/Appellee Christina
16                                                           Louise Pezonella

17   Dated:

18                                                           MICHAEL C. LEHNERS
                                                             Attorney for Debtor/Appellee Christina
19                                                           Louise Pezonella

20

21

22

23

24

25

26

27

28
                                                  6                     CASE NO. 3:13-cv-00394-MMD
                              **STIPULATION DISMISSING APPEAL**

1  dismissal of Case No. 13-cv-00667-RCJ (D. Nev.) (*Green Tree Servicing, LLC v. Pezonella (In re*

2  *Pezonella*).

3      3.  This Stipulation may be signed in counterparts, each and which shall be deemed an

4  original, and all which taken together shall constitute one of the same document.  Facsimile copies

5  of signatures shall constitute as originals.

6

7                                Respectfully submitted,

8                                **PITE DUNCAN, LLP**

9

10  Dated:_____

11                                EDDIE R. JIMENEZ
                                 Attorneys for Movant/Appellant Green Tree

12                                Servicing, LLC (successor in interest to
                                 GMAC Mortgage, LLC)

13

14  Dated:_____

15                                CHRISTOPHER R. BURKE
                                 Attorney for Debtor/Appellee Christina

16                                Louise Pezonella

17  Dated:___2-19-15___

18                                MICHAEL C. LEHNERS
                                 Attorney for Debtor/Appellee Christina

19                                Louise Pezonella

20

21

22

23

24

25

26

27

28

                            6                  CASE NO. 3:13-cv-00394-MMD

**STIPULATION DISMISSING APPEAL**

Eddie R. Jimenez (SBN 10376)
ejimenez@piteduncan.com
Ace Van Patten (SBN 11731)
avanpatten@piteduncan.com
**PITE DUNCAN, LLP**
520 S. 4th Street, Suite 360
Las Vegas, NV 89101
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorney for *Appellant/Movant*
Green Tree Servicing, LLC (successor in interest
to GMAC Mortgage, LLC)

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GREEN TREE SERVICING, LLC (SUCCESSOR IN INTEREST TO GMAC MORTGAGE, LLC), <br><br> Appellant, <br><br> vs. <br><br> CHRISTINA LOUISE PEZONELLA, <br><br> Debtor/Appellee. | Case No. 3:13-cv-00394-MMD <br><br> Consolidated with Case No. 3:13-cv-00667-RCJ <br><br> BK Case No. Bk-S-12-51080-BTB <br><br> **ORDER GRANTING STIPULATION DISMISSING APPEAL PURSUANT TO BANKRUPTCY COURT'S ENTRY OF STIPULATED ORDER REGARDING DISTRIBUTION OF SALE PROCEEDS AND VACATING SANCTION ORDERS** |

The Court having considered *Appellant/movant* Green Tree Servicing, LLC (successor in interest to GMAC Mortgage, LLC) and appellee/debtor Christina Louise Pezonella's Stipulation Dismissing Appeal Pursuant to Bankruptcy Court's Entry of Stipulated Order Regarding Distribution of Sale Proceeds and Vacating Sanction Orders and good cause showing, it is **ORDERED** that:

    1.    Case No. 13-cv-00394-MMD (D. Nev.) is hereby **DISMISSED**.

    2.    Case No. 13-cv-00667-MMD (D. Nev.) is hereby **DISMISSED**.

IT IS SO ORDERED:

_____

**MIRANDA M. DU**
**UNITED STATES DISTRICT JUDGE**
DATED:_____February 26, 2015_____

1   Ace Van Patten (SBN 11731)
     avanpatten@piteduncan.com
2   Eddie R. Jimenez (SBN 10376)
     ejimenez@piteduncan.com
3   **PITE DUNCAN, LLP**
     701 Bridger Avenue, Suite 700
4   Las Vegas, Nevada 89101
     Telephone: (858) 750-7600
5   Facsimile: (619) 590-1385

6   Attorneys for *Appellant*
     Green Tree Servicing, LLC (successor in
7   interest to GMAC Mortgage, LLC)

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GREEN TREE SERVICING, LLC (SUCCESSOR IN INTEREST TO GMAC MORTGAGE, LLC), | Case No. 3:13-cv-00394-MMD |
| | Consolidated with Case No. 3:13-cv-00667-RCJ |
| Appellant, | BK Case No. Bk-S-12-51080-BTB |
| vs. | **PROOF OF SERVICE** |
| CHRISTINA LOUISE PEZONELLA, | |
| Debtor/Appellee. | |

I, Meliza Martinez-Meza, declare that:

I am employed in the County of San Diego, California.  My business address is: 4375 Jutland Drive, Suite 200, P.O. Box 17933, San Diego, CA 92177-0933.  I am over the age of eighteen years and not a party to this cause.

On February 26, 2015, I served the **STIPULATION DISMISSING APPEAL PURSUANT TO BANKRUPTCY COURT'S ENTRY OF STIPULATED ORDER REGARDING DISTRIBUTION OF SALE PROCEEDS AND VACATING SANCTION ORDERS and PROPOSED ORDER** in said cause by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Diego, California, addressed as follows:

/././

/././

Christina Louise Pezonella
1643 London Circle
Sparks, NV 89431
*(Via U.S. Mail)*

Christopher P. Burke
Christopher P. Burke, Esq. and Associates
701 Plumas Street
Reno, NV 89509

Michael C. Lehners
Law Office of Michael Lehners
429 Marsh Ave.
Reno, NV 89509

Honorable Miranda M. Du
United States District Court
400 S. Virginia St.
Reno, NV 89501
*(Via U.S. Mail)*

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on February 26, 2015, at San Diego, California.

*/s/ Meliza Martinez-Meza*
MELIZA MARTINEZ-MEZA

- 2 -